UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIONEL HARRIS,

    Plaintiff,

    v.

                            Civil Action 2:16-cv-888
                            Judge James L. Graham
                            Magistrate Judge Elizabeth P. Deavers

AARON SOWERS, *et al.*,

    Defendants.

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, Lionel Harris, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against employees at Madison Correctional Institution ("MCI"). (ECF No. 7.) This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons set forth below, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's retaliation claims against Defendant Gillespie and that he be permitted to proceed on his remaining claims.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**II.**

According to the Complaint and the attached Exhibits, in September 2015, MCI received a forty-one page letter from Plaintiff's wife that exceeded the amount of documents Plaintiff could receive. Plaintiff received a Notice of Unauthorized items. When the prison failed to follow proper procedure and timely process and return the letter, Plaintiff filed a grievance. (*Id*. at 49.) In a November 15, 2015 Disposition of Grievance, Defendant Jill Gillespie, MCI's Institutional Inspector, reported that the mail room staff was unable to provide signed documentation reflecting that the letter had been returned to his wife. She found that the letter had "been misplaced in the Mail Room and [that] staff did not follow proper procedure and process in processing [Plaintiff's] Unauthorized items." (*Id*.)

In March 2016, Plaintiff complained to the Correctional Institution Inspection Committee of the Ohio General Assembly ("CIIC") about the missing letter. In an April 5, 2016 letter, the CIIC provided its response to Plaintiff, which provides in pertinent part as follows:

> In an effort to assist, I notified [Defendant Gillespie] of your concern. The Inspector confirmed that you filed an informal complaint. She also acknowledged that your legal mail was mistakenly opened by the mailroom. You filed a grievance regarding the issue which was granted by the Inspector. However, the issue that you are referring to in your letter was regarding mail that you received from your family and it exceeded the amount of documents that you can receive. Reportedly a Nuisance Slip was completed and the mail was returned back with the additional documents to the sender.

(*Id*. at 90.) The CIIC also advised Plaintiff that he could consider seeking reimbursement for inmate property loss.

Plaintiff asserts that Defendant Gillespie "illegally retaliated against [him] for using the grievance procedure when she knowingly provided false information to [CIIC] with the intention of undermining the conclusions of the investigation into [his] . . . legal mail and legal materials." (*Id*. at 11.) Plaintiff posits that Defendant Gillespie's acknowledgment that the materials had

4

been misplaced in the Disposition of Grievance conflicts with the CIIC's statement that the materials had been returned.

Plaintiff alleges that Defendant Gillespie also retaliated against him "when she refused to investigate [his] claims Four and Five." Plaintiff explains that Defendant Gillespie refused to send him grievance forms and also refused to acknowledge the grievances he subsequently filed.

The elements of a First Amendment retaliation claim are as follows:

> "(1) the plaintiff engaged in protected conduct; (2) and adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

*Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 2000). Plaintiff's filing of a prison grievance is constitutionally protected conduct for which he cannot be subjected to retaliation. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

Plaintiff's retaliation claims against Defendant Gillespie fail, however, to satisfy the second required element. The United States Court of Appeals for the Sixth Circuit has held that "not every objectionable act directed at a prisoner constitutes adverse action sufficient to deter a person of ordinary firmness from engaging in protected activities." *Reynolds–Bey v. Harris*, 428 F. App'x 493, 503 (6th Cir. 2011). The Undersigned concludes that the exhibits Plaintiff attaches to his Complaint do not, contrary to his allegations, demonstrate that Defendant Gillespie misrepresented the facts to CIIC. Regardless, the Undersigned finds that any such misrepresentation would not "deter a person of ordinary firmness" from filing grievance. The Undersigned likewise concludes that Defendant Gillespie's alleged failure to investigate two of Plaintiff's grievances would not "deter a person of ordinary firmness" from filing a grievance.

5

Indeed, an inmate has no constitutionally protected right to an effective grievance procedure. *Walker v. Michigan Dep't. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *see also Morin v. Erway*, No. 12-15406, 2013 WL 1875998, at *7 (E.D. Mich. May 3, 2013) ("Because an inmate does not have a federal constitutional right to have a prison grievance acted upon, an official's alleged failure to process an inmate's grievances, without more, is not actionable under Section 1983."); *McDougald v. Mahlman*, No. 1:16-cv-317, 2016 WL 3881011, at *3 (S.D. Ohio Apr. 7, 2016) (same); *Dearing v. Mahalma*, No. 1:11cv204, 2011 WL 3739029, at *7 (S.D. Ohio Aug. 24, 2011) (same).

Moreover, the Undersigned concludes that Plaintiff has failed to establish that his retaliation claims against Defendant Gillespie satisfy the third required element. More specifically, his retaliation claims against Defendant Gillespie fail because Plaintiff has not alleged any facts establishing a causal connection between his protected activity and the adverse action. It is not enough that Plaintiff alleges in a conclusory fashion that Defendant Gillespie acted with a retaliatory motive. *See Harbin–Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)) ("[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'") *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) (citations omitted) ("[B]are allegations of malice on the defendants' parts are not enough to establish retaliation claims . . . ."); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Here, Plaintiff's allegation that Defendant Gillespie made misrepresentations to CIIC "with the intention of undermining the conclusions of the investigation" undercuts his assertion that she acted in retaliation for his filing of grievances. With regard to Plaintiff's allegation that Defendant Gillespie refused to

6

investigate his claims, the Undersigned is unable to infer retaliatory intent from his vague and conclusory statements.

In sum, because Plaintiff has failed to sufficiently allege the requisite second and third elements of a retaliation claim with regard to his claims against Defendant Gillespie, it is **RECOMMENDED** that his retaliation claims against Defendant Gillespie be **DISMISSED** pursuant to § 1915(e)(2)(B)(ii).

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's retaliation claims against Defendant Gillespie be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief on which relief can be granted.  It is further **RECOMMENDED** that Plaintiff be permitted to proceed with his remaining claims.  The Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

    **IT IS SO ORDERED.**

Date: November 14, 2016                 /s/ *Elizabeth A. Preston Deavers*
                                                            ELIZABETH A. PRESTON DEAVERS
                                                            UNITED STATES MAGISTRATE JUDGE