UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LIONEL HARRIS,**

    **Plaintiff,**

    v.

Civil Action 2:16-cv-888
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

**AARON SOWERS,** *et al.***,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of several pending motions.

### I.

After the Court granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 4), Plaintiff's Complaint was filed on November 2, 2016. (Complaint, ECF No. 7 "(Compl.")".) Plaintiff named as Defendants several individuals, including "Mrs. McQueary" and an unidentified "Jane Doe" who was a cashier and "a temporary service employee at the Madison Correctional Institution [("MCI")]." (Compl., PAGEID # 139.)

Plaintiff thereafter sought leave to conduct discovery to learn the identity of the Doe Defendant, as well as the current addresses of other Defendants so that he could effect service of process. (ECF No. 16.) In response, Defendants provided the address of Defendant McQueary and identified Randall Hawk as Plaintiff's Doe Defendant. (ECF No. 17.)[1] Upon Defendants' representations, the Court directed the Clerk to substitute Randall Hawk for the Doe Defendant and directed the United States Marshal Service to serve by certified mail a copy of the Complaint

---

[1] The summons issued to Mrs. McQuery (ECF No. 10) was previously returned unexecuted on January 24, 2017. (ECF No. 13.)

1

to Defendants Hawk and McQueary to the addresses provided in Defendants' Response. (ECF No. 18.) The summons issued to Mrs. McQueary was again returned unexecuted. (ECF Nos. 27, 30.)

## II.

Plaintiff has now moved to substitute Michelle Lovette in place of Randall Hawk, who was previously substituted in as Plaintiff's Doe Defendant. (ECF No. 44.) Plaintiff explains that he received discovery responses in which Defendants advise that, based on new information, they have identified the temporary service worker as Michelle Lovette, who is now employed at the London Correctional Institution, 1580 OH-56, London, Ohio 43140, instead of Randall Hawk. (*Id*. at 1–2.) Defendants have not responded to Plaintiff's Motion to Substitute.

The Court regards Plaintiff's request to substitute Michelle Lovette for Randall Hawk as a request to amend the Complaint under Federal Rule of Civil Procedure 15(a), which governs amendments to the pleadings. The Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008).

Here, the Court finds that justice requires granting the requested amendment. The record does not reflect that Plaintiff unduly delayed or acted in bad faith. Instead, the record reflects

2

that Plaintiff's failure to move to amend to name Ms. Lovette as a Defendant earlier in this litigation is through no fault of his own: Defendants mistakenly identified the wrong temporary service as worker as Randall Hawk instead of Ms. Lovette. Defendants have not responded to Plaintiff's request to amend his Complaint and therefore have not argued that the requested amendment is futile or unduly prejudices them. The present posture of this case also persuades this Court that Defendants will not be prejudiced by the requested amendment. For all of these reasons, Plaintiff's request to amend the Complaint is well taken. *See* Fed. R. Civ. P. 15(a). Accordingly, Plaintiff's Motion to amend his Complaint to replace Randall Hawk with Michelle Lovette (ECF No. 44) is **GRANTED**. Plaintiff's Motion for Reconsideration (ECF No. 23) is therefore **DENIED AS MOOT**.

In light of the present record where Randall Hawk was previously substituted as the Jane Doe Defendant and Michelle Lovette will now replace Randall Hawk, the Court finds that the best way to clarify the docket and Plaintiff's existing claims would be for Plaintiff to file an Amended Complaint, naming the appropriate Defendants. Plaintiff is therefore **ORDERED** to file an Amended Complaint substituting Michelle Lovette for all claims previously asserted against Jane Doe in his original Complaint within **TWENTY-ONE (21) DAYS** from the date of this Opinion and Order.

The Clerk is **DIRECTED** to **STRIKE** Defendant Randall Hawk's Answer from the Court's docket. (ECF No. 28.)

Additionally, in light of the Court's grant of Plaintiff's Motion and the forthcoming Amended Complaint, Plaintiff's Motion for Partial Judgment on the Pleadings (ECF No. 29) based on the original Complaint is therefore **DENIED WITHOUT PREJUDICE AS MOOT**.

Plaintiff remains free to file such a motion following the filing of his Amended Complaint and Defendants' Answer thereto.

## III.

Plaintiff has filed a Motion for an Extension of Time to Effectuate Service as to Defendant Mrs. McQueary and Michelle Lovette. (ECF No. 46.) Federal Rule of Civil Procedure 4 provides in pertinent part as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m). "Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made." *Malibu Media, LLC v. Downs*, No. 1:14-cv-707, 2015 WL 12734020, at *1 (S.D. Ohio Feb. 9, 2015) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).

In this case, Defendants provided the address of Defendant McQueary and Plaintiff has attempted to effect service of process. (ECF Nos. 10, 12, 17, 18, 27, 30). Nothing in the present record persuades the Court that Plaintiff has not been diligent in attempting to serve Defendant McQueary. Based on this record, the Court concludes that Plaintiff has shown good cause exists for extending the service deadline as to Defendant McQueary.

Plaintiff has also asked for an extension of time to serve Michelle Lovette. (ECF No. 46.) However, in light of Plaintiff's forthcoming Amended Complaint naming her as a Defendant, Plaintiff's request for an extension as to Michelle Lovette is moot.

Accordingly, Plaintiff's Motion for an Extension (ECF No. 46) is **GRANTED IN PART AND DENIED AS MOOT IN PART**. Specifically, the Motion is **GRANTED** as to Defendant

4

McQueary and **DENIED AS MOOT** as to Michelle Lovette.  Plaintiff may have an additional **THIRTY (30) DAYS** from the date of this Opinion and Order to serve Defendant McQueary.  The United States Marshal is **DIRECTED** to serve by certified mail a copy of the Complaint to Defendant McQueary at the address provided in Defendants' Response (ECF No. 17.)  Plaintiff's Motion for Service (ECF No. 49) is therefore **DENIED AS MOOT**.

### IV.

In sum, Plaintiff's Motion to Substitute (ECF No. 44) is **GRANTED**.  Michelle Lovette is **SUBSTITUTED** for Randall Hawk.  Plaintiff is **ORDERED** to file an Amended Complaint with **TWENTY-ONE (21) DAYS** from this Opinion and Order.  Defendant Hawk's Answer (ECF No. 28) is **STRICKEN** from the record.  Plaintiff's Motion for Extension of Time (ECF No. 46) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.  Specifically, the Motion is **GRANTED** as to Defendant McQueary and **DENIED AS MOOT** as to Michelle Lovette.  Plaintiff may have an additional **THIRTY (30) DAYS** from the date of this Opinion and Order to serve Defendant McQueary.  The United States Marshal is **DIRECTED** to serve by certified mail a copy of the Complaint to Defendant McQueary at the address provided in Defendants' Response (ECF No. 17.)

Plaintiff's Motion for Reconsideration (ECF No. 23), Plaintiff's Motion for Partial Judgment on the Pleadings (ECF No. 29), and Plaintiff's Motion for Service (ECF No. 49) are **DENIED AS MOOT**.

The Clerk is **DIRECTED** to remove ECF Nos. 23, 29, 44, 46, 49 from the Court's pending motions list.

**IT IS SO ORDERED.**

Date: November 28, 2017        /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE