**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LIONEL HARRIS,**

       **Plaintiff,**

                                 **Civil Action 2:16-cv-888**
       v.                          **Judge James L. Graham**
                                 **Magistrate Judge Elizabeth P. Deavers**

**AARON SOWERS,** *et al.*,

       **Defendants.**

**OPINION AND ORDER**

Plaintiff, Lionel Harris, an Ohio inmate who is proceeding without the assistance of

counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees of

Madison Correctional Institution. This matter is before the Court for consideration of Plaintiff's

Motion to Compel (ECF No. 45) and Defendants' Response (ECF No. 47). No reply has been

filed.

**I.**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order

compelling discovery if another party fails to respond to discovery requests, provided that the

motion to compel includes a certification that the movant has, in good faith, conferred or

attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1).

The Court is satisfied that this prerequisite to filing a discovery motion has been satisfied. (ECF

No. 45 at PAGEID # 439.)

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone

Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). "[T]he proponent of a motion to compel discovery

bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08–cv–567 (S.D. Ohio May 27, 2010)).

## II.

Plaintiff challenges the sufficiency of Defendants' responses to several of his written discovery requests, namely Document Request Nos. 5, 6, 7, and 10. (ECF No. 45.) Plaintiff, however, has failed to attach the discovery requests and Defendants' responses. While Plaintiff and Defendants have generally described the nature of these requests and responses, the Court, based on the present record, is unable to evaluate the propriety of specific document requests or the sufficiency of Defendants' responses. Accordingly, Plaintiff's Motion to Compel is not well taken. *See Clifford v. Church Mut. Ins. Co.*, No. 2:13–cv–853, 2014 WL 5383929, at *7 (S.D. Ohio Oct. 21, 2014) (denying motion to compel where, *inter alia*, the moving parties failed, among other things, to attach allegedly deficient discovery responses and stating that "plaintiffs apparently expect this Court to accept as true their assertion that defendant's response to the disputed discovery requests was inadequate and/or to otherwise sift through the parties' correspondence to [determine the sufficiency of the discovery responses]"); *see also Parks, LLC v. Tyson Foods, Inc*., No. 5:15–cv–00946, 2015 WL 5042918, at *7 (E.D. Pa. Aug. 26, 2015) ("To enable the Court to assess that motion [to compel], the party must inform the Court of the result of this [discovery] process: the Court must know which request is at issue, how the response to that request is allegedly deficient, and why the producing party's response runs afoul of the discovery rules.").

## III.

In sum, Plaintiff's Motion to Compel (ECF No. 45) is **DENIED WITHOUT**

**PREJUDICE**.

        **IT IS SO ORDERED.**


Date: November 28, 2017                             /s/ *Elizabeth A. Preston Deavers*
                                      ELIZABETH A. PRESTON DEAVERS
                                      UNITED STATES MAGISTRATE JUDGE