UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LIONEL HARRIS,**

    **Plaintiff,**

    v.

                                                   Civil Action 2:16-cv-888
                                                   Judge James L. Graham
                                                   Magistrate Judge Elizabeth P. Deavers

**AARON SOWERS,** *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Lionel Harris, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees of Madison Correctional Institution. This matter is before the United States Magistrate Judge for consideration of Plaintiff's Motion for Preliminary Injunction (ECF No. 51), Defendants' Response (ECF No. 61), and Plaintiff's Reply Memorandum (ECF No. 67). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction be **DENIED**.

## I.

At all times relevant to the Amended Complaint, Plaintiff was incarcerated at Madison Correctional Institution ("MaCI"). (ECF No. 57.) Plaintiff, currently incarcerated at North Central Correctional Institution ("NCCI") in Marion, Ohio, alleges that the MaCI Defendants, including Defendants Aaron Sowers and Jacob Hays,[1] violated his constitutional rights by, *inter alia*, withholding and/or destroying Plaintiff's legal mail while Plaintiff was housed in MaCI.

---

[1] Plaintiff refers to this Defendant as "Hayes," while Defendants identify him as "Jacob Hays." (ECF No. 61 at 2.) For ease of reference, the Undersigned will refer to this Defendant as "Hays."

1

(*Id*.) Plaintiff now moves for a preliminary injunction as to Defendants Sowers and Hays, alleging that they "are currently prohibiting Plaintiff from communicating with Ma.C.I. administration and Plaintiff's inmate witnesses" who are incarcerated at MaCI. (ECF No. 51 at 2–3.) According to Plaintiff, these Defendants are mailroom screeners who determine what mail comes in and goes out of MaCI and they have withheld or interfered with his mail directed to Tim Brunsman, a MaCI employee, two MaCI witnesses, and Plaintiff's "jailhouse lawyer" imprisoned at MaCI. (*Id*. at 2–9; Plaintiff's Declaration, ECF No. 51 at PAGEID # 11, ¶ 4; ECF No. 67.) The Court understands that Plaintiff seeks an injunction prohibiting Defendants Sowers and Hays from withholding, destroying, or interfering with Plaintiff's mail by reassigning these Defendants to another position at MaCI. (ECF No. 51 at 8; ECF No. 67 at 4.) Defendants oppose Plaintiff's request (ECF No. 61). This matter is now ripe for resolution.

## II.

Federal Rule of Civil Procedure 65 permits a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. Fed. R. Civ. P. 65(a) and (b). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *see also PGP, LLC v. TPII, LLC*, No. 17-6221, 2018 WL 2446702, at *3 (6th Cir. May 31, 2018) (quoting *Camenisch*, 451 U.S. at 395)).

A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

    (1) whether the movant has shown a strong likelihood of success on the merits;

    (2) whether the movant will suffer irreparable harm if the injunction is not issued;

    (3) whether the issuance of the injunction would cause substantial harm to others;

and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)); *see also PGP, LLC*, 2018 WL 2446702, at *2 (same). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. However, "[a]lthough the four factors must be balanced, the demonstration of some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002) (citations omitted); *see also Friendship Materials, Inc. v. Michigan Brick, Inc*., 679 F.2d 100, 105 (6th Cir. 1982) ("Several of the circuits which have recognized the 'balance of hardships' test have now made it clear that the plaintiff must always demonstrate some irreparable injury before a preliminary injunction may issue."). Notably, the United States Court of Appeals for the Sixth Circuit has "never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief." *Friendship Materials, Inc.*, 679 F.2d at 103.

A movant's burden is even more difficult to satisfy where, as here, a prison inmate seeks an injunction to obtain affirmative relief beyond maintenance of the status quo. *See* 18 U.S.C. § 3626(a)(2) ("In any civil action with respect to prison conditions . . . [p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."); *Camenisch*, 451 U.S. at 395.

**III.**

As a preliminary matter, Plaintiff asks the Court to hold an evidentiary hearing in connection with his Motion for Preliminary Injunction. (ECF No. 51 at 10.) Because the

Undersigned concludes for the reasons that follow that a hearing is unnecessary, it is **RECOMMENDED** that Plaintiff's request for an evidentiary hearing be **DENIED**.

The parties dispute whether Plaintiff has met his burden of satisfying the four elements necessary for the issuance of a preliminary injunction. Assuming without deciding for purposes of this Recommendation only that Plaintiff has established a strong likelihood of success on the merits and that granting Plaintiff's Motion serves the public interest,[2] the Undersigned first concludes that Plaintiff has failed to show that he will likely suffer irreparable harm without the extraordinary remedy of a preliminary injunction. To establish irreparable harm, Plaintiff must show that he "will suffer 'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc*., 443 F.3d 540, 551 (6th Cir. 2006) (citations omitted); *see also Metaldyne, LLC v. JD Norman Indus., Inc*., No. 17-cv-10758, 2017 WL 1395888, at *5 (E.D. Mich. Apr. 19, 2017) (denying request for preliminary injunction where, *inter alia*, the alleged harm did not rise above the speculative or theoretical level); *Smith v. State Farm Fire & Cas. Co*., 737 F. Supp. 2d 702, 713 (E.D. Mich. 2010) ("In establishing the element of irreparable harm, a party seeking an injunction bears a heavy burden and must demonstrate more than an unfounded fear of harm.").

Here, the record reflects that Plaintiff is not even certain that Defendant Hays works in the MaCI mailroom. (ECF No. 51 at 3 (stating only that, "[t]o the best of Plaintiff's knowledge and belief, defendant Hayes [sic] still works" there).) This alone militates issuing an injunction as to Defendant Hays. However, even assuming that both Defendants Sowers and Hays currently work in the MaCI mailroom, Plaintiff has offered nothing more than speculation that

---

[2] Moreover, the Undersigned notes that any factual or legal conclusions made at this time are not binding at a trial on the merits. *See Anderson v. Kelley*, No. 92-6663, 12 F.3d 211, at *5 (Table) (6th Cir. Dec. 15, 1993).

these Defendants are withholding or interfering with his legal mail. (*See generally* ECF Nos. 51 and 67.) Plaintiff asserts that his witnesses and/or his jailhouse lawyer have not received correspondence from him, but he simply speculates that these Defendants, by virtue of the positions of MaCI mailroom screeners, must be responsible for any missing mail or interruption in correspondence. (*Id*.; Plaintiff's Declaration, ¶ 4 ("As the gatekeeper of Ma.C.I.'s incoming and outgoing mail, defendants Sowers and Hayes are in the unique position to arbitrarily determine what mail enters or exits the institution.").) The harm posed by Defendants Sowers and Hays as mailroom screeners in MaCI therefore does not rise above the speculative level, which militates against issuing injunctive relief. *See Abney*, 443 F.3d at 551.

Plaintiff's reliance on an exhibit related to his communication with Tim Brunsman at MaCI (ECF No. 51 at PAGEID # 477) does not dictate a different conclusion. As Defendants point out, this evidence pre-dates the filing of this action. (*Id*.) Plaintiff denies that this pre-dating "bars" him from arguing that Defendant Sowers interfered with Plaintiff's mail, but, as previously discussed, Plaintiff's harm must be actual and imminent. *Abney*, 443 F.3d at 551. Therefore, absent this showing, a past alleged harm will not justify the issuance of a preliminary injunction. *Id*.; *Apex Tool Group, LLC v. Wessels*, 119 F. Supp. 3d 599, 610 (E.D. Mich. 2015) (denying motion for preliminary injunction where, *inter alia*, "[a]ny alleged wrongful conduct has already occurred in the past, but there is nothing to suggest that it is likely to occur in the future").

Moreover, while Plaintiff asserts that his ability to litigate has been harmed (ECF No. 51 at 3–4, 8; ECF No. 67 at 4–5), the record reflects that since moving for a preliminary injunction, Plaintiff has actively engaged in this litigation. (*See*, *e.g.*, ECF No. 87 (Plaintiff's Motion to Compel); ECF No. 90 (opposition to Defendants' Motion to Dismiss); ECF Nos. 85, 86, 94

(Plaintiff's motion and filings in support of his request for summary judgment); ECF No. 95 (Plaintiff's Motion to Amend).) Notably, Plaintiff's ability to file a Motion for Partial Summary Judgment undermines his present assertion that Defendants' actions have denied or will deny him the right to discovery. Based on this record, Plaintiff has not met his burden that he will suffer irreparable harm absent the issuance of a preliminary injunction.

Finally, in addition to failing to show the likelihood of irreparable harm, the issuance of an injunction reassigning Defendants Sowers and Hays to other jobs based on a speculative harm weighs against granting Plaintiff's Motion for Preliminary Injunction. This consideration further persuades the Undersigned that the Court's authority is best exercised in denying Plaintiff's request for extraordinary relief. *See Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 22, (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

## IV.

For these reasons, the Undersigned concludes that, based on the present record, Plaintiff has not met the high standard for extraordinary injunctive relief. It is therefore **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 51) be **DENIED** in its entirety.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: July 2, 2018         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE