# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LIONEL HARRIS,**

    **Plaintiff,**

    v.

**AARON SOWERS,** *et al.*,

    **Defendants.**

Civil Action 2:16-cv-888
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Lionel Harris, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees of Madison Correctional Institution. This matter is before the United States Magistrate Judge for consideration of Defendants' Motion Raising Qualified Immunity as an Affirmative Defense (ECF No. 78), Plaintiff's Response (ECF No. 90), and Defendants' Reply Memorandum (ECF No. 92).

On November 2, 2016, Plaintiff filed the original Complaint. (ECF No. 7.) Thereafter, due to misidentified Defendants (ECF No. 52), Plaintiff filed an Amended Complaint on December 8, 2017. (ECF No. 57.) Notwithstanding that the Amended Complaint is now the operative complaint, Defendants cite to the substance of both the original Complaint (ECF No. 7) and the Amended Complaint throughout their Motion. (*See generally* ECF No. 78.) Defendants also rely on matters outside of the pleadings when asking the Court to dismiss the claims against Defendants Sowers. (*Id*. at 8–10 (citing attached answers to interrogatories).) Based on this record, the Court cannot decipher which arguments may be appropriate to consider on a motion

1

to dismiss and which may be meritorious in light of the above citations. The Undersigned also notes that Defendants represent that they only filed "the present Motion to comply with the Court's Scheduling Order [Doc. #:32]." (*Id.* at 1 n.1; *see also* ECF No. 32 at 2 (setting the deadline for filing motions for summary judgment and "any motion raising the defense of qualified immunity" as February 18, 2018).)[1] In light of the foregoing, Defendants' reliance on evidence outside of the pleadings is appropriate at the summary judgment stage. Therefore, under these circumstances, and as a matter of case management, it is **RECOMMENDED** that Defendants' Motion Raising Qualified Immunity as an Affirmative Defense (ECF No. 78) be **DENIED** and that Defendants remain free to raise the issue of qualified immunity at the summary judgment stage.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

---

[1] The deadline for filing motions for summary judgment has been extended to August 31, 2018. (ECF No. 91.)

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date: July 2, 2018                                      /s/ *Elizabeth A. Preston Deavers*
                                                        ELIZABETH A. PRESTON DEAVERS
                                                        UNITED STATES MAGISTRATE JUDGE