UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LIONEL HARRIS,

    Plaintiff,

    v.

Civil Action 2:16-cv-888
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

AARON SOWERS, *et al.*,

    Defendants.

## OPINION AND ORDER

Plaintiff, Lionel Harris, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees of Madison Correctional Institution. This matter is before the Court for consideration of Plaintiff's Motion to Compel (ECF No. 50), Plaintiff's Supplement (ECF No. 56), and Defendants' Response (ECF No. 64). Plaintiff did not file a Reply. For the reasons that follow, Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART**.

**I.**

Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). Here, Plaintiff avers that he communicated with opposing counsel regarding untimely discovery responses, but he still has not received interrogatory answers from four of seven defendants. (ECF No. 50 at PAGEID # 464.) Defendants, however, contend that Plaintiff did not confer

1

regarding the alleged deficiencies with the four interrogatory answers that he now challenges. (ECF No. 64 at 1.) While the record reflects that Plaintiff did not attempt to confer regarding the disputed answers, the Court, under the circumstances of this particular case, will nevertheless consider the merits of the Motion to Compel. However, Plaintiff is **ADVISED** that he must comply with the Local Rules of this Court as well as the Federal Rules of Civil Procedure in all future filings.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, while a plaintiff should "not be denied access to information necessary to establish her claim" a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted)); *see also In re Bayer Healthcare & Merial Ltd. Flea Control Prod. Mktg. & Sales Practices Litig.,* 752 F.3d 1065, 1074 (6th Cir. 2014) ("'[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.'") (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 457 (6th Cir. 2008)). Finally, "the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08-cv-567 (S.D. Ohio May 27, 2010)).

**II.**

Plaintiff first complains that certain Defendants did not respond at all to his interrogatories. (ECF No. 50 at 2.) However, Defendants now represent that Plaintiff should now possess answers from all Defendants who were served at the time of the filing of Defendants' response to the Motion to Compel. (ECF No. 64 at 1–2.) Plaintiff has not filed a Reply complaining that he failed to receive answers from these Defendants. Accordingly, as it relates to Defendants' failure to provide any interrogatory answers to Plaintiff, the Motion to Compel is **DENIED**.

Plaintiff also challenges the sufficiency of the responding Defendants' answers to some of his interrogatories. The Court considers each disputed answer in turn.

**A.     Defendant Hayes' Answer to Interrogatory No. 8**

Interrogatory No. 8 directed to Defendant Hayes asks as follows: "Were you questioned by the Institution Inspector or the 'acting' mailroom supervisor at the time, regarding the incident described in exhibit B-1? If so, what was your response?" (ECF No. 56-1 at PAGEID # 497.) Defendant Hayes responded as follows:

> **OBJECTION:**     Without waiving these objections or any of the general objections and reservations, Defendant answers as follows:
>
> **ANSWER:**

(*Id.*)

Plaintiff complains that Defendant Hayes failed to answer and that the general objection is inapplicable. (ECF No. 50 at 3.) In responding to the Motion to Compel, Defendant Hayes represents that "[t]his was an inadvertent oversight. Defendant fully intended to provide an answer to this interrogatory and does so now. Defendant Hayes does not recall being questioned. Further, he does not recall what his response was if he was questioned." (ECF No. 64 at 2.)

Plaintiff has not filed a reply memorandum arguing that this supplemental answer is deficient in any way. Accordingly, as it relates to Defendant Hayes' answer to Interrogatory No. 8, the Motion to Compel is **DENIED**.

B. **Defendant Sowers' Answer to Interrogatory No. 3**

Interrogatory No. 3 directed to Defendant Sowers seeks the following information:

> Were there in existence on or prior to the dates of the alleged conduct in Plaintiff's complaint, any internal administrative procedures designed to discipline employees for unlawful retaliation against inmates for filing prison grievances or pursuing civil rights litigation in court? If so, specify how such policies or procedures are initiated and the range of penalties.

(ECF No. 56-1 at PAGEID # 494.) Defendant Sowers responded as follows:

> **OBJECTION: Without waiving these objections or any of the general objections and reservations, Defendant answers as follows:**
>
> **ANSWER:** I am unsure of the policy numbers but the Ohio Department of Rehabilitation and Correction ("ODRC") has always maintained policies about discriminating against inmates for a variety of reasons. This would also fall under the improper supervision category since it would be considered a form of harassment. The employee code of conduct has penalties for wrong doing.

(*Id*. at PAGEID ## 494–95.)

Plaintiff complains that Defendant Sowers' answer is deficient because this Defendant does not address policies or procedures related to retaliation; Defendant Sowers answers only as to those policies that relate to discrimination against inmates. (ECF No. 50 at 4.) Defendant Sowers, however, argues that he honestly and fully answered that he "is unsure of the policy numbers relating to Plaintiff's question." (ECF No. 64 at 2.) He further states that ODRC "has policies against discriminating and the employee code of conduct has penalties for any such wrongdoing." (*Id*.)

The Court agrees that Defendant Sowers' answer, even as explained in Defendants' response to the Motion to Compel, is deficient because it fails address policies or procedures

specifically related to retaliation against inmates. Accordingly, as it relates to Defendant Sowers' answer to Interrogatory No. 3, the Motion to Compel is **GRANTED**. Defendant Sowers is **ORDERED** to serve a supplemental answer to Interrogatory No. 3 within **SEVEN (7) DAYS** of the date of this Opinion and Order.

C. **Defendant Chamberlin's[1] Answer to Interrogatory No. 4**

Interrogatory No. 4 and Defendant Chamberlin's answer are as follows:

Identify each affirmative defense alleged in your answer that you are personally raising or relying upon and state:

a. All facts upon each defense is based;

**OBJECTION: Attorney-Client Privilege. The legal strategy of the Defendant is not discoverable information. The Answer sufficiently provides the defenses that may be raised throughout litigation. Irrelevant to the extent that it seeks information regarding matters not contained in Plaintiff's Complaint. Further, this request calls for a narrative. Without waiving these objections or any of the general objections and reservations, Defendant answers as follows:**

**ANSWER:**

b. The names, job title or rank and location of each person having knowledge of each fact specified in subpart "a" of this interrogatory;

**OBJECTION: Without waiving these objections, the objections raised in subpart "a," or any of the general objections and reservations, Defendant answers as follows:**

**ANSWER:**

c. Identify each and every document or writing upon which each such affirmative defense is based;

**OBJECTION: Without waiving these objections or any of the general objections and reservations, Defendant answers as follows:**

---

[1] Plaintiff refers to this Defendant as "Chamberlain," while Defendants identify him as "Chamberlin." For ease of reference, the Court will refer to this Defendant as "Chamberlin."

> d. The name, job title and current location of each person having possession, care and custody of each document identified in subpart "c" of this category.
>
> **OBJECTION: Without waiving these objections or any of the general objections and reservations, Defendant answers as follows:**

(ECF No. 56-1 at PAGEID ## 499–500.)

Plaintiff complains that Defendant Chamberlin failed to answer the interrogatory and that her boilerplate objections are deficient. (ECF No. 50 at 4.) In responding to the Motion to Compel, Defendant Chamberlin responds as follows:

> Defendant Chamberlin contends that a response to subpart "a" does not warrant a response based on the objections raised to the question and/or the general objections and reservations. Plaintiff is attempting to peer into the legal strategy of Defendants with this discovery request.
>
> With regard to subparts "b", "c", and "d", this was an inadvertent mistake. However, the answer to each of these requests is that Defendant Chamberlin does not have any information to answer these discovery requests. In response to subparts "b", "c", and "d", Defendant Chamberlin does not know any individuals that possess knowledge relevant to this litigation other than the other named Defendants.

(ECF No. 64 at 2–3.)

Defendant Chamberlin's response is not well taken. First, Defendant Chamberlin invokes attorney-client privilege, but it does not appear that she has produced a privilege log in accordance with Rule 26(b)(5) that "describe[s] the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

Second, Rule 26(b)(1) specifically provides that parties are entitled to discover any "non-privileged matter that is relevant to any party's . . . defense and proportional to the needs of the case[.]" The Court also notes that Defendant Chamberlin has not represented or argued that

6

producing such information is burdensome. (ECF No. 56-1 at PAGEID # 500.) Plaintiff therefore is entitled to non-privileged information relevant to Defendant Chamberlin's defenses. *See Thompson v. City of Oakwood, Ohio*, No. 3:16-cv-169, 2017 WL 1196182, at *2 (S.D Ohio Mar. 31, 2017) ("The communications are relevant to the parties' claims and defenses and therefore discoverable under Rule 26(b)(1).").

Finally, Defendant Chamberlin's assertion that Interrogatory No. 4 seeks a narrative response does not relieve her of her obligation to respond fully to this interrogatory. *See Allstate Ins. Co. v. Electrolux Home Prods., Inc*., No. 1:12-cv-893, 2013 WL 12139451, at *1 (N.D. Ohio Mar. 25, 2013) (stating, *inter alia*, "Plaintiff fails to direct the Court to any federal authority precluding the use of 'narrative' interrogatories" and finding that the plaintiff must respond to the interrogatory).

Accordingly, Defendant Chamberlin is **ORDERED** to serve a supplemental answer to Interrogatory No. 4 within **SEVEN (7) DAYS** of the date of this Opinion and Order. Defendant Chamberlin is **ADVISED** that the forthcoming supplemental answer must comply with the foregoing, including production of a privilege log, if appropriate. If Defendant Chamberlin asserts that producing non-privileged responsive information is burdensome, she must be prepared to specifically explain why producing that information is burdensome.

### III.

For these reasons, Plaintiff's Motion to Compel (ECF No. 50) is **GRANTED IN PART and DENIED IN PART**, consistent with the foregoing.

**IT IS SO ORDERED.**

Date: July 2, 2018  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE