# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LIONEL HARRIS,**

    **Plaintiff,**

    v.

**AARON SOWERS,** *et al.***,**

    **Defendants.**

Civil Action 2:16-cv-888
Judge James L. Graham
Chief Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against employees at the Madison Correctional Institution ("MCI"), alleging that they denied him access to the courts and retaliated against him in violation of his rights under the First and Fourteenth Amendments to the United States Constitution. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Amend Complaint (ECF No. 95) and Defendants' Motion for Leave to File *Instanter* Response to Plaintiff's Motion to Amend Complaint (ECF No. 104). For the reasons that follow, Defendants' Motion for Leave to File *Instanter* is **GRANTED** and Plaintiff's Motion to Amend is **DENIED**.

## I.

This case has a convoluted procedural history. By way of brief background, after the Court granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 4), Plaintiff's original Complaint was filed on November 2, 2016. (Complaint, ECF No. 7 "(Compl.")".) Plaintiff named as Defendants several individuals, including Aaron Sowers, Melanie Fultz, "Mr. Hayes," "Mrs. Chamberlain," Cynthia Ricker, Jill Gillespie, "Mrs. McQueary" and an unidentified "Jane

Doe" who was a cashier and "a temporary service employee at the Madison Correctional Institution [("MCI")]." (Compl., PAGEID # 138.) The Court dismissed the claim against Defendant Gillespie and permitted him to proceed on the remainder of his claims. (ECF No. 9.) Thereafter, service was effected as to Defendants Sowers, Fultz, Hayes, Chamberlain, and Ricker. (ECF Nos. 12, 18; *see also* ECF No. 22 (answer of Defendants Sowers, Fultz, Hayes, Chamberlain, and Ricker).)

As previously addressed in prior Orders (ECF Nos. 18, 52, 60, 65, 70, 72, 74, 91), this Court and Plaintiff attempted for over a year to identify and serve the correct Doe Defendants and "Mrs. McQueary," namely, Michelle Lovette and Mary McCrary, whom Defendants previously misidentified and/or for whom Defendants provided the incorrect address. Specifically, on November 28, 2017, the Court, *inter alia*, granted Plaintiff leave to substitute Defendant Lovette as the correct Defendant in place of a previously-misidentified individual as a Defendant and directed Plaintiff "to file an Amended Complaint substituting Michelle Lovette for all claims previously asserted against Jane Doe in his original Complaint[.]" (ECF No. 52 at 3.) Plaintiff timely filed an Amended Complaint on December 8, 2017, substituting Michelle Lovette for the Doe Defendant. (ECF No. 57.)[1] Because Defendants continued to misidentify Defendant Mary McCrary as "McQueary" and failed to provide an updated address for Defendant Lovette, these Defendants were not served until February 2018. (ECF Nos. 76, 79; *see also* ECF No. 83 (answer of Defendants Lovette and McCrary).)

---

[1] Because Plaintiff apparently created the Amended Complaint by using the original Complaint and cutting and pasting Defendant Lovette's name in place of the Doe Defendant (*compare* ECF No. 7 *with* ECF No. 57) the previously-dismissed claims against Defendant Gillespie appear in the Amended Complaint but have no operative effect. (*See* ECF No. 9 (dismissing claims against Defendant Gillespie).)

2

**II.**

Plaintiff has moved for leave to amend the Amended Complaint. (ECF No. 95.) Because Defendants did not timely respond to the Motion to Amend (*see* ECF No. 102), they later moved for leave to file a response *instanter*. (ECF No. 104.) Defendants explain that the failure to file a timely response was the result of excusable neglect. (*Id.*) Plaintiff opposes Defendants' motion. (ECF No. 111.)

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed R. Civ. P. 6(b)(1)(B). Courts determine whether excusable neglect exists by considering the following factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Excusable neglect is an "elastic concept" permitting courts to "accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control." *Pioneer*, 507 U.S. at 381.

Applying the foregoing authority, the Court concludes that these factors weigh in favor of granting Defendants' motion for leave to file a response *instanter*. As to the first factor, Plaintiff contends that Defendants' delay prejudices him where Defendants have already delayed this litigation. (ECF No. 111 at 2.) While the Court agrees that Defendants previously delayed the progress of this action as set forth above in connection with effecting service of process on

Defendants Lovette and McCrary, the Court cannot say that Plaintiff has been prejudiced by the delay in responding to his Motion to Amend. Plaintiff has already filed a substantive reply to Defendants' proposed opposition to the Motion to Amend (ECF No. 108), rendering the Motion ripe for resolution on the merits.

As to the second factor, Defendants moved for leave to respond just over two weeks after their response was originally due. (*See* ECF Nos. 95, 104; *see also* S.D. Ohio Civ. R. 7.2(a)(2).) This delay is not excessive. *Cf. Toliver v. Liberty Mut. Fire Ins. Co.*, 2:06–CV–00904, 2008 WL 545018, at * 1 (S.D. Ohio Feb.25, 2008) (finding that a delay of "slightly more than two months" would not prejudice "the Court in its ability to resolve this litigation in a timely fashion."); *Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (allowing defendants to file an answer eight months late). Moreover, as previously discussed, Plaintiff has already substantively replied to Defendants' opposition, which eliminates any further delay of a resolution on the merits.

As to the fourth and fifth factors, Defendants implicitly concede that the failure to file a timely response to the Motion to Amend was within their counsel's control. (ECF No. 104 at 2–3.) The record, however, does not bear out Plaintiff's apparent suspicion that Defendants' failure was a result of bad faith. Defendants have actively defended this case by moving for summary judgment and timely responding to various motions filed by Plaintiff. *Cf. Taylor v. Cleveland Healthcare Grp. Inc.*, No. 1:11–CV01838, 2011 WL 5873018, at *1 (N.D. Ohio Nov. 22, 2011) (finding no bad faith where defendants had appeared in the litigation by removing the case to federal court). Furthermore, Defendants timely moved for leave to file a response *instanter* once the Court brought the matter to their attention. *See Elliott v. Simms*, No. 2:08–cv–1144, 2009

WL 1362508, at *3 (S.D. Ohio May 13, 2009) (citing defendants' immediate filing upon discovering that the response was past due as a factor in determining good faith).

As to the third and final factor, Defendants indicate that the reason for delay was mere inadvertence. (ECF No. 104 at 2 (explaining defense counsel's heavy caseload and that he experienced a death of a family member).) "[A]lthough attorney error or inadvertence will not ordinarily support a finding of excusable neglect," this factor must be weighed against the other factors and the interests of justice. *Morgan*, 165 F. App'x at 429 (concluding that defendants' eight-month delay in filing an answer constituted excusable neglect because there was no evidence of bad faith). Given the elastic and equitable nature of the excusable-neglect standard, denying Defendants leave to file their response to the Motion to Amend would not serve the interest of justice, particularly where the filing of Plaintiff's reply allows this Court to resolve the Motion to Amend on the merits. *See Pioneer*, 507 U.S. 395 (concluding that the determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission").

For all of these reasons, Defendants' Motion for Leave to File Instanter Response to Motion to Amend (ECF No. 104) is **GRANTED**. The Clerk is **DIRECTED** to file the response in opposition to the Motion to Amend Complaint attached to Defendants' Motion. (ECF No. 104-1.)

### III.

Plaintiff seeks leave to amend the Amended Complaint to add a request for attorney's fees and "special damages"; add a "class of one" designation to his claim for violation of rights under the Equal Protection Clause of the Fourteenth Amendment; and add four Doe Defendants

5

to Claims Two, Five, Six, and Seven "to conform to the statements of the defendants." (ECF No. 95.) The Court addresses each proposed amendment in turn.

**A.      Standard**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the "principle that cases should be tried on their merits" and not on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir.2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.1986)).

Several factors influence whether the Court should allow a party to amend its pleading including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

**B.      Request for attorney's fees and special damages**

Plaintiff first seeks leave to add a request for attorney's fees and "special damages" to

Paragraph 93 in his Prayer for Relief, which currently seeks "recovery of his costs in this suit[.]" (ECF No. 57 at PAGEID # 515.) This request is not well taken. As a preliminary matter, Plaintiff is not an attorney and he is proceeding without the assistance of counsel. Accordingly, he is not entitled to attorney's fees. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991) ("[A] *pro se* litigant who is not a lawyer is *not* entitled to attorney's fees.") (emphasis in original). The proposed amendment seeking to add a request for attorney's fees is therefore futile.

Plaintiff also seeks add a request for "special damages." "'Special damages' are limited to actual pecuniary loss, which must be specially pleaded and proved. 'General damages' cover nonpecuniary loss and need not be pleaded or proved." *F.A.A. v. Cooper*, 566 U.S. 284, 295–96 (2012). Here, Plaintiff has not pleaded an actual pecuniary loss and a bare amendment asserting a request for special damages would therefore be futile.

**C.    "Class of one" designation**

Plaintiff also seeks leave to add a "class of one" designation to his Equal Protection claims. (ECF No. 95 at 3 (citing ECF No. 57 at ¶¶ 75, 80, 81, 82).) Defendants oppose the requested amendment, arguing that "Plaintiff has not produced sufficient evidence to proceed on his class of one claim." (ECF No. 104-1 at 2.) The Court, however, construing the Amended Complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1989), reads Plaintiff's present allegations as asserting a class of one claim. (*See* ECF No. 57 at ¶¶ 75, 80, 81, 82.) The Court will address the merits of such claim at the summary judgment stage. Accordingly, Plaintiff's request to amend to add "class of one" verbiage is unnecessary.

**D.    Doe defendants**

Finally, Plaintiff seeks leave to add a Doe Defendant to Causes of Action Two, Five, Six,

and Seven in order to "conform to the statements of the defendants." (ECF No. 95 at 3–4.) Specifically, Plaintiff seeks to add a Doe Defendant to claims based on events occurring in August 2015 through March 2016. (*Id.* (citing ECF No. 57 at ¶¶ 28, 31, 32, 44, 46, 47, 48, 49, 50, 54, 55, 58, 75, 79, 88–91.) According to Plaintiff, Defendants' Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 93) indicates that Defendants are attempting to blame individuals other than the named Defendants for the alleged constitutional violations. (ECF No. 95 at 3–4; ECF No. 108 at 2–4.) Plaintiff therefore asks for leave to add a Doe Defendant to these claims based on these underlying events. (*Id.*)

Plaintiff's request is not well taken. Ohio's two-year statute of limitations governs Plaintiff's claims. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."). The "limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (internal quotation marks and citation omitted).

Here, assuming only for purposes of the present Motion to Amend, Plaintiff's cause of action accrued at the latest on March 8, 2016. (ECF No. 57 at ¶¶ 50–55).) The original complaint was filed on November 2, 2016. (ECF No. 7.) Plaintiff's Motion to Amend was filed

on June 8, 2018 (ECF No. 95), after the expiration of the two-year statute of limitations. Therefore, because Plaintiff seeks to add Doe Defendants after the expiration of the statute of limitations, the claims against these putative Defendants may continue only if he can relate their addition back to the date of the original Complaint. The Sixth Circuit has explained as follows how amendments "relate back" under Federal Rule of Civil Procedure 15(c):

> When a plaintiff seeks to amend a complaint to add a party against whom the claim would otherwise be barred by the statute of limitations, the amended pleading is considered to relate back to the date of the original, timely pleading where:
>
>> 1. "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," *see* Fed. R. Civ. P. 15(c)(1)(B), and
>>
>> 2. the added party is "served within 120 days after the [initial] complaint is filed ... [or] the plaintiff shows good cause for the failure [to serve the added party within 120 days]," *see* Fed. R. Civ. P. 4(m).[2]
>
> Fed. R. Civ. P. 15(c)(1)(C). If both these criteria are satisfied, then the party may be added so long as the added party,
>
>> 3. "received such notice of the action that it will not be prejudiced in defending on the merits," *see* Fed. R. Civ. P. 15(c)(1)(C)(i), and
>>
>> 4. "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," *see* Fed. R. Civ. P. 15(c)(1)(C)(ii).

*Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013). As to the last factor, "[i]t is familiar law that 'John Doe' pleadings cannot be used to circumvent statutes of limitations, because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued. Such an amendment may only be accomplished when all of the specifications of

---

[2] The 2015 Amendments to Rule 4(m) reduced the presumptive time for serving a defendant from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened.").

Fed. R. Civ. P. 15(c) are met." *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (quoting *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)) (internal quotation marks omitted); *see also Hughes v. Donini*, No. 1:13cv569, 2014 WL 6453612, at *3 (S.D. Ohio Nov. 17, 2014) ("It is well established Sixth Circuit law that the substitution of a "John Doe" defendant with a named party is not a 'mistake concerning the proper party's identity' for purposes of Rule 15(c) (1)(C)(ii) but is a change in parties.") (collecting cases). Rule 15(c) "allows relation back for the mistaken identification of defendants, not for defendants to be named later through 'John Doe,' 'Unknown Defendants' or other missing appellations." *Smith v. City of Akron*, 476 F. App'x 67, *69 (6th Cir. 2012) (explaining that Rule 15(c) was not designed to correct the problem where a plaintiff did not know who the parties he intended to sue were "and apparently did not find out within the two-year limitations period"); *see also Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) ("'[A]n amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'") (internal citations omitted).

In this case, Plaintiff did not make a mistake about the identity of the parties he intended to sue. (ECF No. 108 at 5 ("Plaintiff is not acknowledging that the defendants he has named are not the correct individuals responsible for the violations at issue.").) Rather, Plaintiff seeks leave to amend the Amended Complaint to add Doe Defendants in order to "significantly improve Plaintiff's position in the form of better pleaded claims" (ECF No. 95 at 5) because he believes Defendants' filings "demonstrate[] that they plan on naming other Madison Correctional Inst. employees" as responsible for certain alleged constitutional violations (ECF No. 108 at 3). Based on this record, Plaintiff cannot show a mistake in identity and therefore does not satisfy

10

the relation back exception under Rule 15(c)(1)(C).  *See Smith*, 476 F. App'x at *69; *Asher*, 596 F.3d at 318; *Cox*, 75 F.3d at 240.

## IV.

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 95) is **DENIED** and Defendants' Motion for Leave to File *Instanter* Response to Plaintiff's Motion to Amend Complaint (ECF No. 104) is **GRANTED**.

**IT IS SO ORDERED**.


Date: February 27, 2019                     /s/ *Elizabeth A. Preston Deavers*
                                            ELIZABETH A. PRESTON DEAVERS
                                            CHIEF UNITED STATES MAGISTRATE JUDGE