UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LIONEL HARRIS,**

    **Plaintiff,**

                              **Civil Action 2:16-cv-888**
   v.                      **Judge James L. Graham**
                              **Chief Magistrate Judge Elizabeth P. Deavers**

**AARON SOWERS,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Lionel Harris, an Ohio inmate who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Defendants, employees of Madison Correctional Institution. This matter is before the Court for consideration of Plaintiff's Third Motion to Compel (ECF No. 96) and Plaintiff's Motion for Expenses (ECF No. 109). For the reasons that follow, Plaintiff's Motions are **DENIED**.

**I.**

Plaintiff moves to compel responses to his second request for production of documents. (ECF No. 96.) Federal Rule of Civil Procedure 37 permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has, in good faith, conferred or attempted to confer with the party failing to respond to the requests. Fed. R. Civ. P. 37(a)(1). Here, Plaintiff avers that he mailed to defense counsel a copy of the second request for production of documents on May 15, 2018. (Plaintiff's Affidavit, ECF No. 96, at PAGEID # 979.) According to Plaintiff, he also mailed a follow-up letter to defense counsel on June 18, 2018, but received no response. (ECF No. 96 at 2; *id*. at PAGEID # 983 (copy of Plaintiff's

letter).) Defendants represent that their counsel has no record of Plaintiff's follow-up letter and, therefore, Plaintiff has failed attempt to confer prior to filing the Third Motion to Compel, in violation of Rule 37(a)(1). (ECF No. 101.) Under the present circumstances, the Court will presume that Plaintiff has satisfied the requirements under Rule 37(a)(1) and will consider the Third Motion to Compel.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). However, while a plaintiff should "not be denied access to information necessary to establish her claim" a plaintiff may not be "permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320–21 (6th Cir. 2015) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted)); *see also In re Bayer Healthcare & Merial Ltd. Flea Control Prod. Mktg. & Sales Practices Litig.*, 752 F.3d 1065, 1074 (6th Cir. 2014) ("'[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.'") (quoting *Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 457 (6th Cir. 2008)). Finally, "the proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys*., No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08-cv-567 (S.D. Ohio May 27, 2010)).

Here, Plaintiff contends that Defendants failed to respond at all to his second request for production of documents. (ECF No. 96.) In response, Defendants attach their responses to the

second request for production of documents and ask that the Court deny the Third Motion to Compel as they have now answered Plaintiff's request. (ECF No. 101.) Plaintiff argues in reply that the Court should grant the Third Motion to Compel as Defendants' responses remain deficient:

> Plaintiff further asserts that the motion to compel should be granted because, as stated in PLAINTIFF'S OBJECTION TO DEFENDANTS' RESPONSE TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, defendants still have not complied with the request, their objections are boilerplate and inapplicable and Plaintiff's request are self-explanatory, concise and clearly within the discovery scope of Rule 26(b)(l) and relevant to the subject matter in this action.
>
> Plaintiff made nine (9) requests. Defendants supplied answers for four (4) of the nine (9) requests. Therefore, they have still not complied with Plaintiff's discovery request and this motion to compel should be granted to provide the discovery that the Federal Rules of Civil Procedure allows.

(ECF No. 112 at 2–3.)

Plaintiff does not attach this "Objection" to his reply in support of the Third Motion to Compel. (*See generally* ECF No. 112.) After reviewing the docket, it appears that the "Objection" to which Plaintiff refers is filed as a separate document, raising new arguments as to why specific responses are deficient. (ECF No. 110.) However, as this Objection was filed separately and apparently outside the memoranda permitted by this Court, *see* S.D. Ohio Civ. R. 7.2(a)(2) ("No additional memoranda beyond those enumerated [motion, response, and reply] are permitted except upon leave of court for good cause shown."), Defendants did not respond to this Objection. The Court also notes that Plaintiff filed his Objection (ECF No. 110) without first trying to informally resolve these specific objections with Defendants. Moreover, it may be that Defendants have responded off the record to Plaintiff's Objection, which is not reflected on the docket. Without the benefit of a response from Defendants as to Plaintiff's objections to specific

responses, however, the Court is unable to confirm that a live controversy as to these requests exists and, if so, unable to resolve the merits of Plaintiff's objections. Although the deadline for completing discovery has passed (ECF No. 91), the Court finds that, under the circumstances of this particular case,[1] discovery should be re-opened and extended for a limited period.

For these reasons, Plaintiff's Third Motion to Compel (ECF No. 96) is **DENIED WITHOUT PREJUDICE**. The Court will issue a new discovery schedule by separate Order. The parties are **REMINDED** that they must file a motion to bring a discovery dispute to the Court's attention and may do so only after exhausting all extrajudicial efforts to resolve the dispute. *See* Fed. R. Civ. P. 37.

## II.

Plaintiff moves for an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(C)[2] in connection with preparing and filing an earlier-filed Motion to Compel (ECF No. 50), which the Court previously granted in part and denied in part (ECF No. 100). (ECF No. 109.) Defendants oppose the Motion for Sanctions (ECF No. 114) and Plaintiff has filed a reply memorandum (ECF No. 118).

Where a motion is granted in part and denied in part, a court "*may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C) (emphasis added). A court has discretion in determining an appropriate sanction under Rule 37. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 642–43 (1976);

---

[1] The Court also notes that Plaintiff has filed a separate "Objection" to Defendants' supplemental answers to interrogatories. (ECF No. 105.) Defendants have not filed a response to this Objection.

[2] Plaintiff cites to Rule 37(a)(4)(C) (which does not exist) but then quotes from Rule 37(a)(5). The Court therefore understands that Plaintiff intends to move pursuant to Rule 37(a)(5).

*Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996).

In the present case, Plaintiff seeks an award of $250, which includes $50 for out-of-pocket costs, such as printing, copying, and mailing, as well as $200 for fees charged by a "jailhouse paralegal." (ECF No. 109 at 3; Declaration of Charles Watkins, ECF No. 109 at PAGEID # 1070.) As an initial matter, the Court is not persuaded that awarding sanctions in connection with fees charged by jailhouse paralegal is appropriate. *Cf. Pickholtz v. Rainbow Tech., Inc.*, 284 F.3d 1365, 1376 (Fed. Cir. 2002) ("Rule 37 does not empower the district court to award attorney fees to a *pro se* litigant."); *Tuggle v. Barksdale*, 641 F. Supp. 34, 36 n.1 (W.D. Tenn. 1985) ("The jail officials do not allow jailhouse lawyers to charge fees[.]"). In addition, Plaintiff prevailed only to a limited degree. Finally, in its Opinion and Order, the Court determined that Plaintiff failed to confer with opposing counsel in accordance with Rule 37(a)(1) before filing his Motion to Compel. (ECF No. 100 at 1–2.) While the Court proceeded to consider the merits of the Motion to Compel (*see id.*), Plaintiff's failure to in good faith confer or attempt to confer weighs against awarding sanctions. For these reasons, the Court concludes that an award of sanctions in Plaintiff's favor would be inappropriate under these circumstances.

### III.

For the foregoing reasons, Plaintiff's Third Motion to Compel (ECF No. 96) is **DENIED WITHOUT PREJUDICE** and Plaintiff's Motion for Expenses (ECF No. 109) is **DENIED**. The Court will issue a new discovery schedule by separate Order.

**IT IS SO ORDERED**.

Date: February 27, 2019         /s/ *Elizabeth A. Preston Deavers*
                                ELIZABETH A. PRESTON DEAVERS
                                CHIEF UNITED STATES MAGISTRATE JUDGE