IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lionel Harris,

      Plaintiff,

    v.                       Case NO. 2:16-cv-888

Aaron Sowers, et al.,

      Defendants.

<u>ORDER</u>

This is a civil rights action under 42 U.S.C. §1983 brought by plaintiff, Lionel Harris, an Ohio inmate, against employees of the Madison Correctional Institution. On February 11, 2020, the magistrate judge filed a report and recommendation in which she recommended that defendants' motion for summary judgment be granted in part and denied in part, and that plaintiff's motion for partial summary judgment be denied. This matter is before the court on plaintiff's objections to the report and recommendation. Specifically, plaintiff objects to the magistrate judge's recommendation to grant summary judgment on certain claims in favor of Mailroom Screeners Aaron Sowers, Jacob Hays, and Mary McCrary, Financial Associate Supervisor Cynthia Ricker, and Cashier Michelle Lovette. Plaintiff alleges that these defendants violated his constitutional rights in connection with their handling, destruction and/or theft of his mail and retaliated against him due to his use or attempted use of the prison grievance system.

<u>I. Standards of Review</u>

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, by showing that the materials cited do not establish the absence or presence of a genuine dispute, or by demonstrating that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A) and (B). In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

II. Plaintiff's Objections

A. First Cause of Action - Denial of Access to the Courts - Ricker and Lovette

Plaintiff objects to the recommendation of the magistrate judge that summary judgment be granted in favor of Financial

Associate Supervisor Cynthia Ricker, and Cashier Michelle Lovette on his first cause of action alleging denial of access to the courts.  Plaintiff alleged in his verified amended complaint that these defendants intentionally held his merit brief appealing the Ohio Twelfth District Court of Appeals' denial of his petition for writ of habeas corpus for more than 48 hours in violation of prison policy.  Plaintiff alleged that the Ohio Supreme Court received his brief the day after the filing deadline, refused to accept it, and dismissed his appeal for failure to prosecute.  According to plaintiff, the primary claim in the habeas petition was that his trial was void because Judge Donald L. Schott, the retired judge who presided over the trial, was not reactivated as a judge by the Ohio Supreme Court.  Plaintiff contended that if his merit brief had been timely received and considered by the Ohio Supreme Court, that court would have declared his trial, conviction and sentence void.

As the magistrate judge noted, an inmate's right of access to the courts "extends to direct appeals, habeas corpus applications, and civil rights claims only." Thaddeus-x v. Blatter, 175 F.3d 378, 391 (6th Cir. 1999).  Plaintiff must show actual injury, Harbin-Bey v. Rutter, 420 F.3d 571, 578 (6th Cir. 2005), that is, plaintiff must demonstrate that a nonfrivolous legal claim was frustrated or impeded, see Lewis v. Casey, 518 U.S. 343, 353 (1996).

Plaintiff objects to the magistrate judge's statement that his appeal to the Ohio Supreme Court was discretionary. See Doc. 162, p. 17, n. 7.  In this respect, plaintiff is correct.  His appeal to the Ohio Supreme Court from the decision of the court of appeals

denying his habeas petition was one of right.  See Taylor v. Mitchell, 88 Ohio St.3d 453 (2000).  However, this court agrees with the remainder of the magistrate judge's analysis of this claim.

First, the magistrate judge noted the decision of the Twelfth District Court of Appeals, which stated that plaintiff could prove no set of facts that would entitle him to relief.  The magistrate judge concluded that plaintiff's appeal from this decision would be frivolous.  This court notes that in May, 2019, plaintiff filed another complaint for writ of habeas corpus in the Ohio Third District Court of Appeals.  In that case, plaintiff argued, as he did in the Twelfth District, that his conviction was void because Judge Schott did not have a certificate of assignment, and further argued that the signatures on Judge Schott's commission were forged.  Plaintiff appealed the Third District's denial of his habeas complaint to the Ohio Supreme Court.  The Ohio Supreme Court concluded that plaintiff failed to prove that the governor's signature on Judge Schott's commission was forged.  See State ex rel. Harris v. Turner, No. 2019-1228, ____ N.E.3d ____, 2020 WL 2461449, at *2 (Ohio Sup. Ct. May 13, 2020).  That court further noted that "even if Judge Schott were somehow improperly assigned, '[i]n a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge render the judgment voidable, not void.'"  Id. (quoting In re J.J., 111 Ohio St.3d 205, syllabus paragraph one (2006)).  The court concluded that because plaintiff had not alleged facts sufficient to establish that the trial court lacked subject-matter jurisdiction, and because he had an adequate remedy in law by way

of an appeal to challenge the assignment of the case to Judge Schott, the court of appeals correctly denied his habeas petition. Id. at *3. The Ohio Supreme Court's decision firmly establishes that, as a matter of Ohio law, plaintiff's habeas claims were not meritorious.

Second, the magistrate judge noted that in Sampson v. Garrett, 917 F.3d 888 (6th Cir. 2019), the Sixth Circuit held that Heck v. Humphrey, 512 U.S. 477 (1994), bars an access to courts claim if the plaintiff could prevail on that claim only by showing that the information impeded would make a difference in a nonfrivolous challenge to his convictions. Here, plaintiff alleged that Lovette and Ricker thwarted an appeal which challenged the validity of his state court conviction. The magistrate judge correctly concluded that plaintiff's §1983 claim for denial of access to the courts against Lovette and Ricker is barred under Heck and Sampson.

Plaintiff's objection to the proposed dismissal of the denial of access to courts claim against Lovette and Ricker is not well taken.

B. Second Cause of Action - Retaliation Claim Against Hays

Plaintiff alleged that Jacob Hays, a mailroom screener, retaliated against him for filing grievances. Plaintiff alleged that Hays threatened him, destroyed photographs which had been mailed to him, and opened envelopes which were marked as "legal mail" and stole documents from them. The magistrate judge recommended that summary judgment be granted to Hays on this claim. The court agrees with the magistrate judge's recommendation.

To establish a claim for retaliation under the First Amendment, plaintiff must show that: (1) he engaged in protected

conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. Berkshire v. Beauvais, 928 F.3d 520, 531 (6th Cir. 2019). The magistrate judge concluded that there was sufficient evidence that the plaintiff had engaged in protected conduct by filing grievances. However, the magistrate judge further found that plaintiff failed to show that a genuine dispute of fact existed on the adverse action element. This element requires proof of an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct. Berkshire, 928 F.3d at 531.

As to the threat incident, plaintiff alleged that on August 18, 2015, he was at the mail room picking up legal mail. Hays allegedly stated, "There's a lot of talk going on about your legal mail lately. What's going on?" Amended Complaint, ¶¶ 24-25. Plaintiff explained that the Ohio Supreme Court had dismissed his case because his mail had been held at the institution, resulting in plaintiff having to file a motion for reconsideration and complaints against the cashier and mail room, to which Hays allegedly responded, "Oh yeah? It's going to suck to be you." Hays denied making threats to plaintiff. Doc. 139-5, Hays Affid. ¶ 4. The magistrate judge correctly concluded that even assuming that Hays made the above statement, it was too vague to deter a person of ordinary firmness from engaging in protected conduct. See Snelling v. Gregory, No. 1:17-cv-P41, 2017 WL 2602591, at *3 (W.D. Ky. June 14, 2017)(noting that "courts have generally held that vague threats of unspecified harm do not constitute adverse

actions); see also Hardy v. Adams, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018)("The alleged threat by Adams that she would make Hardy's life 'hell' is simply too vague to pass this threshold"). The magistrate judge correctly concluded that Hays' statement, even assuming it was made, did not arise to the level of an adverse action.

In regard to the destruction of photographs, plaintiff alleged that on two occasions, he received letters from his wife with photographs enclosed. The envelopes were stapled through the center, damaging the photographs. Plaintiff alleged that the common practice for processing envelopes containing photographs was to tape the open edge. Hays denied targeting plaintiff's mail with staples in an attempt to retaliate against plaintiff. Hays Affid., ¶ 6. The magistrate judge noted that although plaintiff provided evidence that his photographs had been stapled, he offered nothing but speculation based on unspecified "[i]nformation and belief" that Hays was the person who stapled his photographs. Amended Complaint, ¶¶ 29,31. Hays was not the only mail room handler named as a defendant in plaintiff's complaint.

As the magistrate judge observed, an affidavit filed in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Affidavits of persons who lacked the requisite personal knowledge or experience to testify as to the matter at issue are not sufficient to defeat summary judgment. Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992); see

also Ondo v. City of Cleveland, 795 F.3d 597, 605 (6th Cir. 2015)(statements made on belief or "on information or belief" cannot be used in a summary judgment motion).  Conclusory allegations, speculation, and unsubstantiated assertions are not evidence and will not defeat a well-supported motion for summary judgment.  Jones v. City of Franklin, 677 F. App'x 279, 282 (6th Cir. 2017); see also Hartsel v. Keys, 87 F.3d 795, 804 (6th Cir. 1996)(mere subjective, vague or conclusory allegations are insufficient to preclude summary judgment).  The magistrate judge correctly found that there was no competent evidence that Hays stapled plaintiff's photos or that the two stapling incidents constituted an adverse action by Hays.

In regard to his claims of interference with legal mail, plaintiff alleged that Hays opened his legal mail on September 19, 2015, removed the most recent complaint plaintiff had filed against the mailroom staff, resealed the envelope, and mailed it. Plaintiff further alleged that on September 29, 2015, Hayes opened an envelope from the Correctional Institutional Inspection Committee ("CIIC") marked "legal mail" outside of plaintiff's presence and stole the enclosed grievance filing brochure relating to plaintiff's attempt to challenge his prison conditions. Plaintiff also alleged that on November 13, 2015, prison officials granted plaintiff's grievance #MACI-11-15-000019, in which he accused the mailroom of stealing his legal mail from the CIIC.

In analyzing this claim, the magistrate judge noted that although plaintiff's evidence showed that his outgoing mail was opened and a copy of a grievance was removed, and that his legal mail from CIIC was opened outside his presence, the evidence did

not show that Hays was the person who committed these acts.  The magistrate judge observed that plaintiff's allegations regarding the September 19th and September 29th incidents were based on plaintiff's "information and belief" and were therefore deficient. The magistrate judge also noted that Hays denied opening plaintiff's legal mail and removing any grievance from his mail. Hays Affid., ¶¶ 9-11.  Based on a lack of evidence to identify Hays as the person responsible for interfering with plaintiff's legal mail, the magistrate judge properly concluded that no adverse action on the part of Hays had been shown in that regard.

With his objections to the magistrate judge's recommendation on this claim, plaintiff has submitted new evidence not previously provided in the summary judgment proceedings before the magistrate judge, specifically, a November 17, 2015, inspector's report and a page from the institutional rules applicable to mail handlers. Matters raised for the first time in objections to the magistrate judge's report and recommendation need not be considered by this court. See Becker v. Clermont County Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011)(citing Jurr v. United States, 200 F.3d 895, 902-03 n. 1 (6th Cir. 2000)); see also United States v. Church, No. 19-1528, 2020 WL 2494431 (6th Cir. Apr. 22, 2020)(district court did not abuse its discretion in holding that defendant could not rely on evidence presented for the first time as exhibits to objections to the report and recommendation); AES-Apex Emp'r Servs. Inv. v. Rotondo, 924 F.3d 857, 867 (6th Cir. 2019)(a "[d]istrict court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited").

Plaintiff argues that the failure to produce this evidence

earlier should be excused due to his lack of legal training. Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993); see also Moore v. Holbrook, 2 F.3d 697, 705 (6th Cir. 1993)(pro se litigants are not excused from federal rules governing summary judgment). The evidence in question should have been submitted in opposition to defendants' motion for summary judgment.

Even if the court were to consider this evidence, it would not save plaintiff's retaliation claim against Hays. The inspector's report, see Doc. 165, pp. 18-19, addressed plaintiff's Grievance No. MACI-10-15-000102, which involved a notice to plaintiff on September 14, 2015, that he had received mail containing 41 pages, which exceeded the 5-page limit. The report states that plaintiff requested that the pages be returned to the sender, but as of November 13, 2015, the papers had not been returned, and the cash slip submitted by plaintiff had not been processed. The report further stated that Hays was unable to find these papers or to locate them on the log. This report relates to the claim plaintiff asserted against defendants McCrary and Chamberlin in his third cause of action. The mail room regulations, see Doc. 165, p. 20, state that mail clerk/screeners are required to sort incoming mail and enter items on the log.

Plaintiff argues that because the report refers to Hays being unable to find the unauthorized mail, Hays must be the person who was responsible for the destruction of his photographs and the mishandling of his legal mail. As noted above, Hays was not the only mail screener working at the institution. The fact that an

inspector consulted Hays, a mailroom employee, about the location of the lost mail, a matter unrelated to the adverse acts alleged in the second cause of action, does not establish that Hays committed those adverse actions.

Plaintiff's objection to the magistrate judge's recommendation on this claim is denied.  The court finds that no genuine dispute of fact has been demonstrated regarding plaintiff's lack of evidence supporting his retaliation claim against Hays, and Hays is entitled to summary judgment on this claim.

C. Third Cause of Action – Retaliation Claim Against McCrary

Plaintiff alleged that Mary McCrary, a mailroom screener, retaliated against him for filing complaints against the mailroom and cashier's office on August 18, 2015, and September 11, 2015. The magistrate judge concluded that there was sufficient evidence that plaintiff engaged in protected conduct.

Addressing the adverse action element, the magistrate judge noted plaintiff's allegations that on September 3, 2015, the mailroom received a 41-page letter from plaintiff's wife, which plaintiff alleges contained legal materials.  Plaintiff asserted that on September 14, 2015, he received five pages of this letter along with a notice of unauthorized item completed by McCrary (he refers to her as "McQueary" in the amended complaint), which indicated that nuisance contraband consisting of 36 pages over the limit had been received.  Plaintiff filed an informal complaint alleging that the letter was withheld for eleven days in violation of applicable mailroom regulations.  A subsequent investigation confirmed that the letter was received on September 3, 2015, but that plaintiff was not notified about this letter until September

14, 2015. The investigation also determined that the proper procedure was not followed, and that the unauthorized items were lost (plaintiff alleged that another defendant, Lt. Julia Chamberlain, intentionally destroyed those items, see Doc. 57, ¶ 39).

The magistrate judge discussed whether the holding the mail for eleven days and its later loss would be sufficient to constitute an adverse action. Noting that an adverse action need not be great to be actionable, see Hill v. Lappin, 630 F.3d 410, 473 (6th Cir. 2000), the magistrate judge concluded that the withholding of mail and the subsequent loss of the mail were not inconsequential or de minimis, and that the evidence was sufficient to establish the adverse action element.

The magistrate judge then addressed the element of causation. The magistrate judge stated that plaintiff must show that his protected conduct was a motivating factor for the retaliatory action. See Maben v. Thelen, 887 F.3d 252, 265 (6th Cir. 2018). The motivation element can be supported by circumstantial evidence such as temporal proximity between the protected conduct and the retaliatory acts. Campbell v. Mack, 777 F. App'x 122, 134-35 (6th Cir. 2019); Paige v. Coyner, 614 F.3d 273, 283 (6th Cir. 2010). The magistrate judge correctly observed that the record did not reflect that plaintiff had filed any complaints against McCrary. The magistrate judge observed that plaintiff relied on complaints he filed against the mailroom on August 18, 2015, and September 11, 2015, but that McCrary's uncontroverted affidavit established that she did not begin working as a mail screener at the Madison Correctional Institution until September 14, 2015 (citing McCrary

12

Affid., ¶ 2). Thus, the magistrate judge reasoned, plaintiff's August 18, 2015, and September 11, 2015, complaints could not have been against McCrary and did not provide an inference of retaliatory motive. The magistrate judge also noted McCrary's statements that she did not recall plaintiff filing any institutional complaints against her, and that she did not intentionally withhold plaintiff's mail for eleven days. McCrary Affid., ¶¶ 7, 9. The magistrate judge concluded that plaintiff had not presented evidence tending to prove the element of causation/motivation, and recommended that summary judgment on this claim be granted in favor of McCrary.

Plaintiff argues in his objections that the evidence noted by the magistrate judge was insufficient to establish that McCrary was not employed in the mail room prior to September 14, 2015. McCrary stated in her affidavit, "During the time relevant to Plaintiff's allegations against me, approximately September 14, 2015 through November 15, 2015, I was employed at the Madison Correctional Institution as a Mail Clerk Screener." McCrary Affid., ¶ 2. Plaintiff argues that the language "[d]uring the time relevant to Plaintiff's allegations" defines the scope of McCrary's employment in the mailroom, rather than the ensuing limiting phrase "approximately September 14, 2015 through November 15, 2015." He further contends that the word "approximately" also undermines her attempt to narrow her employment to between September 14, 2015, and November 15, 2015. Plaintiff also argues that the fact the McCrary did "not recall" plaintiff filing any institutional complaints against her at the time her affidavit was signed, see McCrary Affid., ¶ 7, did not prove that she was unaware of any such

complaints in September, 2015.

The court concludes that the evidence is insufficient to create a genuine dispute as to whether McCrary was employed in the mailroom at the time of plaintiff's complaint and grievance. The lack of a more definitive statement in McCrary's affidavit regarding her employment in the mail room does not create affirmative evidence that she was in fact employed in the mail room on August 18, 2015, and September 11, 2015, when plaintiff filed his complaint and grievance. Plaintiff states in his complaint that McCrary was a mailroom screener at the Madison Correctional Institution at all times mentioned in his complaint. Doc. 57, ¶ 10. However, he has produced no evidence as to how he had personal knowledge of her employment. This conclusory and unsubstantiated assertion is not sufficient to defeat summary judgment. Jones, 677 F. App'x at 282. The notice of unauthorized mail McCrary prepared was dated September 14, 2015, which was within the time frame she noted in her affidavit.

The evidence is also insufficient to show that McCrary could have been motivated to retaliate against plaintiff for filing his informal complaint and grievance. McCrary was only one of three mailroom screeners named as defendants in the instant case. The informal complaint filed by plaintiff on August 18, 2015, does not mention McCrary by name; rather, it only refers to the "mailroom." See Doc. 57-1, p. 11. This complaint primarily addresses the procedures employed by the cashier's office, and it was submitted to the supervisor of the cashier's office. Plaintiff's September 11, 2015, grievance also does not refer specifically to McCrary or to the mail screeners; it simply requests that the "mailroom staff"

14

be instructed not to delay his mail. <u>See</u> Doc. 57-1, p. 12. These documents do not implicate McCrary specifically in any wrongdoing, nor would they lead McCrary to believe that she was the target of plaintiff's complaints or provide a basis for inferring a retaliatory motive on her part.

The court further concludes that the evidence is insufficient to create a genuine dispute as to whether McCrary was responsible for the adverse action of holding his mail for eleven days. Plaintiff's conclusory allegation in his complaint that McCrary withheld his mail for eleven days, with no facts explaining the basis for his knowledge, <u>see</u> Doc. 57, ¶ 34, is insufficient to defeat summary judgment. <u>See</u> <u>Mitchell</u>, 964 F.2d at 584. The documents referenced by him, including the notice of unauthorized item completed by McCrary, <u>see</u> Doc. 57-1, p. 29, and the disposition of grievance, <u>see</u> Doc. 57-1, p. 34, do not refer to McCrary by name or identify her as the person responsible for holding plaintiff's mail for eleven days. McCrary stated in her affidavit that she did not intentionally withhold plaintiff's contraband mail for eleven days, that she did not have any reason to take any adverse action against him, and that she did not retaliate against him. Doc. 139-6, McCrary Affid., ¶¶ 8, 9.

The court concludes that the evidence presented is insufficient to create a genuine dispute of fact or to support his claim against McCrary in his third cause of action, and his objection to the magistrate judge's recommendation on this claim is denied.

## D. Sixth Cause of Action - Retaliation Claim Against Sowers

In his Sixth Cause of Action, plaintiff alleged that on

15

January 14, 2016, Aaron Sowers, a mailroom screener, opened plaintiff's legal mail from a law firm outside of plaintiff's presence and stole plaintiff's letter to the attorneys and copies of four disposition of grievance forms. Plaintiff alleged that the letter detailed his legal strategy for a §1983 civil rights lawsuit against Madison Correctional Institution employees. Amended Complaint, ¶ 48. Plaintiff contended that Sowers opened his legal mail in retaliation for him using the grievance process. Amended Complaint, ¶ 49.

The magistrate judge noted that defendants did not dispute that plaintiff's use of the grievance system was protected conduct. The magistrate judge further observed that the record was ambiguous as to whether Sowers opened plaintiff's legal mail outside plaintiff's presence on January 14, 2016. However, the magistrate judge noted Sowers' sworn statement in his affidavit that he began working in the mailroom on January 11, 2016. Doc. 139-8, Sowers Affid. ¶ 6. The magistrate judge concluded that because plaintiff's complaints and grievances about the mailroom prior to that date could not have included any alleged acts by Sowers, no inference of a retaliatory motive due to temporal proximity between any grievances and the alleged adverse action on January 14, 2016, could be drawn. Because there was no evidence sufficient to satisfy the third element of causation/motivation, the magistrate judge recommended that summary judgment be awarded in favor of Sowers on this retaliation claim.

The court disagrees with the magistrate's asessment that the evidence on whether Sowers opened plaintiff's legal mail is

ambiguous.[1]  Sowers stated in his affidavit that he did not open
plaintiff's legal mail or remove any documents from plaintiff's
legal mail on January 14, 2016, as that was only his fourth day
working in the mailroom and he did not have permission to open any
inmate mail at that time.  Sowers Affid., ¶¶ 6-7.  This information
is consistent with his responses to interrogatories filed on
February 15, 2018.  See Doc. 78.  Sowers again stated that he
started working in the mail room on January 11, 2016, and he did
little opening and scanning of mail his first week because he was
still learning the job.  Doc. 78, p. 4.  He denied opening or
scanning any legal mail that week.  Doc. 78, p. 6.

In responding to plaintiff's January 15, 2016, grievance
regarding his legal mail on February 4, 2016, Lt. Williams stated
that Sowers "has been in the mail room for (1) month as a screener
admitted that he honestly missed your legal mail and processed it
with regular mail." Doc. 57, p. 52.  However, Sowers disputed this
unsworn statement in his response to Interrogatory 11, stating that
he "did write the lock[2] on the envelope but did not scan that mail"
and that "it was my first week down there."  Doc. 78, p. 8.  The
unsworn statement of Lt. Williams is not sufficient to create a
genuine dispute of fact.

Plaintiff alleged in his amended complaint that Sowers opened
his legal mail on January 14, 2016, and removed items from the

---

[1]Some confusion may have arisen due to the fact that the
interrogatory responses also addressed other claims against Sowers
asserted in the seventh and eighth causes of action.

[2]The use of this term in the mailroom regulations suggests
that the inmate's "lock" is the location where he is confined in
the institution.  It is used along with the inmate's name and
number to identify where the mail should be sent.

mail. Doc. 57, ¶ 48. However, this conclusory statement, with no facts explaining the basis for his knowledge, see Doc. 57, ¶ 34, is insufficient to defeat summary judgment. See Mitchell, 964 F.2d at 584. Plaintiff also relies on the February 22, 2016, disposition of his February 8, 2016, grievance concerning the opening of his legal mail. Doc. 57, p. 54. This document indicated that plaintiff's grievance was approved, but did not mention Sowers by name or find him guilty of any misconduct.

The court agrees with the conclusion of the magistrate judge that the evidence is insufficient to raise a genuine dispute on the issue of whether Sowers had any motive to retaliate based on grievances filed by plaintiff. Sowers stated that as of January 14, 2016, he did not have any prior interaction with plaintiff, he had no knowledge of who plaintiff was, and he had no reason to retaliate against him. Doc. 78, p. 7. Because Sowers began working in the mailroom on January 11, 2016, he was not the subject of any of the previous grievances plaintiff had filed against the mailroom, so no inference of retaliatory motive arises by reason of the temporal proximity of those earlier grievances and the alleged retaliatory action.

In his objection, plaintiff notes the magistrate judge's analysis of his seventh cause of action against Melanie Fultz, a secretary and notary public at the institution. The magistrate judge concluded that a genuine dispute existed on the issue of causation because there was evidence of a temporal proximity between Fultz's review of plaintiff's §1983 complaint against Madison Correctional Institution employees prior to notarizing it and her alleged adverse action of taking the complaint to the

18

administration building instead of to the mailroom, resulting in the complaint being lost. Plaintiff argues that Sowers' inspection of his legal mail, which included a discussion of a proposed §1983 action, was close in time to Sowers' removal of documents from the mail and was sufficient to provide a retaliatory motive. However, plaintiff alleged in his complaint that Sowers opened his legal mail in retaliation for him using the grievance process, see Amended Complaint, ¶ 49, not for considering a §1983 action. In addition, the magistrate judge's analysis of the claim against Fultz is distinguishable. Fultz admitted in her affidavit that prior to notarizing a document, she is required to inspect the document and to verify that it constitutes legal work. Doc. 139-9, Fultz Affid., ¶¶ 4-5. This indicates that Fultz was aware of the nature of the document she was notarizing. In contrast, there is no competent evidence that Sowers opened or inspected plaintiff's legal mail on January 14, 2016, or that he was aware of its contents.

Plaintiff's objection to the magistrate judge's recommendation that summary judgment be granted in favor of Sowers on the fourth cause of action is denied.

III. Conclusion

In accordance with the foregoing, the court adopts in part and rejects in part the analysis of the magistrate judge, and adopts the recommendations of the magistrate judge (Doc. 162). Plaintiff's motion for partial summary judgment (Doc. 142) is denied. Defendants' second motion for summary judgment (Doc. 139) is granted in part and denied in part. The defendants' second motion for summary judgment is granted as to:

1) First Cause of Action - denial of access to courts claim against Lovette and Ricker

2) Second Cause of Action - retaliation claim against Hays

3) Third Cause of Action - retaliation claim against McCrary

4) Fourth Cause of Action - retaliation claim against Ricker

5) Fifth Cause of Action - retaliation claim against Chamberlin

6) Sixth Cause of Action - retaliation claim against Sowers

7) Seventh Cause of Action - retaliation and denial of access to courts claims against Sowers

8) Eighth Cause of Action - denial of access to courts claim against Sowers

Defendants' motion for summary judgment is denied as to:

1) First Cause of Action - retaliation claim against Lovette and Ricker

2) Third Cause of Action - retaliation claim against Chamberlin

3) Seventh Cause of Action - retaliation and denial of access to courts claims against Fultz

4) Eighth Cause of Action - retaliation claim against Sowers

The remaining pending claims are: the retaliation claim against Lovette and Ricker (First Cause of Action; the retaliation claim against Chamberlin (Third Cause of Action); the retaliation and denial of access claims against Fultz (Seventh Cause of Action); the retaliation claim against Sowers (Eighth Cause of Action) and the equal protection claims against Hays and Sowers

(Second, Seventh and Eighth Causes of Action).


Date:  November 20, 2020        _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge