IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LIONEL HARRIS,** | |
| Plaintiff, | Case No. 2:16-cv-888 |
| v. | Judge James L. Graham |
| **AARON SOWERS, *et al.*,** | Magistrate Judge Elizabeth A. Preston Deavers |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on three different motions: 1) the parties' Joint Motion to Stay Trial (ECF No. 211); 2) Plaintiff Lionel Harris's Unopposed Motion to Add Rule 54 Certification to Dismissed Claims and to Stay Remaining Claims Pending Appeal (ECF No. 212) and 3) Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 213).

For the reasons that follow, all three motions (ECF Nos. 211–213) are **DENIED**.

**I.      BACKGROUND**

Plaintiff Lionel Harris, an Ohio inmate formerly incarcerated at the Madison Correctional Institution ("MaCI"), filed this action pursuant to 42 U.S.C. § 1983 against several MaCI employees: Mailroom Screeners Aaron Sowers, Jacob Hays, and Mary McCrary; Melanie Futz, a secretary/notary public; Lieutenant Julia Chamberlin; Financial Associate Supervisor Cynthia Ricker; and Cashier Michelle Lovette (collectively, "Defendants").  Plaintiff alleges Defendants violated his constitutional rights in connection with their handling of and alleged destruction or theft of his mail and that they retaliated against him for his use and attempted use of the prison grievance system.

1

Following the Court's May 24, 2022 Opinion and Order dismissing with prejudice Plaintiff's First and Seventh Causes of Action against Lovette, Ricker, and Fultz, the equal protection portion of Plaintiff's Second Legal Claim against Hays, and the equal protection portions of Plaintiff's Seventh and Eighth Legal Claims against Sowers, Plaintiff's remaining claims are his retaliation claim against Chamberlin (Third Cause of Action), his retaliation claim against Sowers (Eighth Cause of Action), and his equal protection claim against Sowers (Ninth Legal Claim). (ECF No. 210.)

## II. STANDARDS OF REVIEW

Chamberlin and Sowers move to dismiss Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction. Chamberlin and Sowers do not contest the facts laid out in Plaintiff's Complaint, and therefore bring a facial attack. *See DLX, Inc. v. Kentucky,* 381 F.3d 511 (6th Cir. 2004). When reviewing a facial attack, courts take all of the allegations in the complaint as true. *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012).

Plaintiff moves this Court for certification under Federal Rule of Civil Procedure 54(b).

Under Rule 54(b):

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

## III. DISCUSSION

### A. Whether the *Leaman* Doctrine Applies to Plaintiff's Remaining Claims

Chamberlin and Sowers move to dismiss Plaintiff's remaining claims against them pursuant to Rule 12(b)(1) arguing that Plaintiff waived his right to file these claims in federal court

by first filing a Complaint against the Ohio Department of Rehabilitation and Corrections ("ODRC") in the Ohio Court of Claims alleging the same set of facts and occurrences.

Under Ohio Rev. Code § 2743.02(A)(1), "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." The Ohio legislature intended for this waiver to extend to federal causes of action. *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 952 (6th Cir. 1987) (en banc) (the "*Leaman* doctrine"). Section 2743.02's waiver of suits "'against any state officer or employee,' provides a quid pro quo for plaintiffs []: 'The state consents to be sued in exchange for a plaintiff's waiver of claims against the state's employees.'" *Portis v. Ohio*, 141 F.3d 632, 634 (6th Cir. 1998) (quoting *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir. 1995)). "The Sixth Circuit has consistently applied *Leaman* to bar plaintiffs from bringing suit in federal court against a state employee after bringing suit against the state in the Court of Claims based on the same claim." *Plinton v. Cty. of Summit,* 540 F.3d 459, 463 (6th Cir. 2008).

On July 12, 2016, Plaintiff filed a complaint against the ODRC in the Ohio Court of Claims, *Lionel Harris v. Ohio Dep't of Rehab. & Corr.*, Case No. 2016-00534JD.[1] Plaintiff's Court of Claims Complaint alleged that MaCI employees failed to properly process two pieces of his legal mail on two separate occasions. Specifically, Plaintiff alleged that on August 4, 2015 he gave his Ohio Supreme Court merit brief to the MaCI mailroom. Plaintiff further alleged that instead of mailing his merit brief within forty-eight hours per ODRC policy, defendants carelessly withheld

---

[1] Under Federal Rule of Evidence 201, this Court takes judicial notice of Plaintiff's Ohio Court of Claims case, Case No. 2016-00534. "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (collecting cases).

3

his legal mail for six days, which caused him to miss the Ohio Supreme Court's filing deadline. Plaintiff also alleged that on February 8, 2016, his federal civil rights lawsuit against MaCI employees was lost and never mailed out.

On May 24, 2022, this Court found that Plaintiff's First and Seventh Causes of Action against Lovette, Ricker, and Fultz in the case at bar concerning the August 4, 2015 withholding of his merit brief and the February 8, 2016 loss of his § 1983 lawsuit are virtually identical to the claims asserted in his Court of Claims case. After considering several factors, the Court found that by filing an action in the Ohio Court of Claims based on the same act or omission, Plaintiff made a knowing, intelligent, and voluntary waiver of his right to proceed in federal court against Lovette, Ricker, and Fultz and dismissed Plaintiff's First and Seventh Causes of Action with prejudice.

Now, in the instant motion, Chamberlin and Sowers argue that Plaintiff's Third and Eighth Causes of Action and his Ninth Legal Claim arise under the same set of facts and circumstances surrounding the basis of Plaintiff's Ohio Court of Claims Complaint. The Court disagrees.

Plaintiff's Court of Claims suit alleges that mailroom staff withheld his Ohio Supreme Court merit brief for six days beginning on August 4, 2015, causing it to be untimely filed, and that on February 8, 2016 MaCI employees lost his federal civil rights lawsuit and never mailed it out. Those acts or omissions are different from Plaintiff's remaining claims against Chamberlin and Sowers in the instant case.

Here, Plaintiff's Third Cause of Action alleges that after Plaintiff filed complaints against MaCI mailroom employees, Chamberlin "intentionally destroyed Plaintiff's legal materials" and "removed all [] traces of its prior evidence" in retaliation for Plaintiff's use of the prison grievance system "and to cover up the fact that her subordinates [] withheld Plaintiff's legal materials for 11 days – in direct violation of prison policy." (Am. Compl. ¶ 39, ECF No. 57 at 506.) Plaintiff

4

alleges that these legal materials included, *inter alia,* Plaintiff's trial notes, a declaration from a deceased bailiff, and legal research on how to file for summary judgment. (*Id.* at § 35.)  Thus, Chamberlin's alleged acts or omissions are different from those that Plaintiff alleges occurred on August 4, 2015 and on February 8, 2016 regarding his merit brief and § 1983 suit.  As such, Plaintiff's Third Cause of Action against Chamberlin is not barred by the *Leaman* doctrine.

Likewise, Plaintiff's Eighth Cause of Action and his Ninth Legal Claim against Sowers do not pertain to either the withholding of his Ohio Supreme Court merit brief or the loss of his § 1983 suit.  Instead, these claims involve allegations that Sowers withheld Plaintiff's legal mail containing a request for appointment of counsel for eight days and then returned his legal mail to him with a note stating a fictious rule for mailing legal documents.  Plaintiff claims that Sowers took these actions in retaliation for the grievances Plaintiff filed against the MaCI mailroom and Sowers individually.  Plaintiff also alleges that Sowers's racially motivated actions denied Plaintiff equal protection under the law.  As these claims do not involve the same act or omission concerning Plaintiff's merit brief and his § 1983 suit, Plaintiff's Eighth Cause of Action and his Ninth Legal Claim against Sowers are not barred by the *Leaman* doctrine.

For these reasons, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 213) is denied.

### B. Rule 54(b) Certification

Also before the Court is the issue of whether to grant Plaintiff's motion for certification under Rule 54(b).

In *Gen. Acquisition, Inc. v. GenCorp., Inc.,* 23 F.3d 1022, 1026 (6th Cir. 1994), the Sixth Circuit outlined the two-part analysis courts must engage in when considering Rule 54(b) certification.  "First, the district court must expressly direct the entry of final judgment as to one

or more but fewer than all the claims or parties in a case. Second, the district court must express[ly] determin[e] that there is no just reason to delay appellate review." *Id.* (internal quotations omitted). The first step is satisfied "where some decision made by the district court ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Id.* at 1026–27. The second step requires a finding of no just reason to delay appellate review. *Id.* at 1027.

While Rule 54(b) "relaxes the traditional finality requirement for appellate review" it does not "tolerate immediate appeal of every action taken by a district court." *Id.* at 1026. Instead, Rule 54(b) certification is reserved for "infrequent harsh cases." *Id.* at 1027. It is "not to be used routinely . . . or as a courtesy or accommodation to counsel." *Corrosioneering, Inc. v. Thyssen Envt'l. Sys.,* Inc., 807 F.2d 1279, 1282 (6th Cir. 1986) (internal citations omitted).

"To satisfy the first requirement for a multi-party action such as this one, the district court must completely dispose of the claims against at least one party." *Reed v. Gulf Coast Enterprises,* No. 3:15-CV-00295-JHM, 2016 U.S. Dist. LEXIS 95183, 2016 WL 3963187, at *8 (W.D. Ky. July 21, 2016) (citing *Gen. Acquisition,* 23 F.3d at 1026). Here, the Court finds that the first requirement for Rule 54(b) certification is met, because its May 24, 2022 dismissal of Plaintiff's First and Seventh Causes of Action against Lovette, Ricker, and Fultz, the equal protection portion of Plaintiff's Second Legal Claim against Hays and the equal protection portions of Plaintiff's Seventh and Eighth Legal Claims against Sowers "disposes of one or more but fewer than all of the claims or parties" in this case. *Gen. Acquisition,* 23 F.3d at 1026.

The next required inquiry is determining whether no just reason for delay exists. In doing so, the Court must "balance the needs of the parties against the interests of efficient case management." *Id.* at 1027. "By limiting interlocutory appeals under Rule 54(b) to 'infrequent

6

harsh case[s],' courts can alleviate hardship resulting from unnecessary delay without undermining 'the historic federal policy against piecemeal appeals.'" *Id.* (internal citations omitted).

In making this determination, the Court should consider the following non-exhaustive list of factors outlined by the Sixth Circuit:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Id.* at 1030 (cleaned up).

"Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b)." *Corrosioneering,* 807 F.2d at 1283. Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

"[T]he Sixth Circuit places significant weight on the first factor, i.e., the relationship between the adjudicated and unadjudicated claims." *AP Alt., LLC v. Rosendin Elec., Inc.*, No. 5:18-CV-01748, 2020 U.S. Dist. LEXIS 191017, at *8 (N.D. Ohio Oct. 15, 2020) (collecting cases). Plaintiff argues that the substantial overlap between the evidence and witnesses surrounding his claims cuts in favor of certification, but that does not justify an immediate appeal. Instead, "the interrelationship of the claims themselves weighs heavily *against* certification under Rule 54(b)." *Lowery v. Fed. Exp. Corp.*, 426 F.3d 817, 822 (6th Cir. 2005). Here, the Court finds that the relationship between the adjudicated and unadjudicated claims is significant, and the first factor therefore weighs heavily against an immediate appeal.

7

As to the second factor, Plaintiff argues that even if he prevails on his remaining claims at trial, that will not moot an appeal regarding his dismissed claims. While this factor provides support for Plaintiff's argument for certification, it is not dispositive of the issue. *See Luxottica of Am., Inc. v. Allianz Glob. Risks Us Ins. Co.,* No. 1:20-cv-00698, 2021 U.S. Dist. LEXIS 231474, at *10 (S.D. Ohio Dec. 3, 2021).

Regarding the third factor, as the Sixth Circuit explained in *Lowery,* "the greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal." *Lowery*, 426 F.3d at 823. Here, there is substantial overlap in the factual basis between the adjudicated and unadjudicated claims. The Court therefore finds that this factor also weighs heavily against an immediate appeal.

As Plaintiff does not raise the issue of set-off in his motion, the Court will not consider the fourth factor.

As to the fifth factor, Plaintiff argues that certification will promote efficiency, advance the interests of justice and judicial economy, and prevent two jury trials involving overlapping witnesses, evidence, and testimony.

This Court has been "hesitant to certify an appeal based on 'judicial economy' when the efficiency to be gained depends on a particular outcome at the appellate court." *Luxottica*, 2021 U.S. Dist. LEXIS 231474, at *13. Moreover, "[f]ederal courts do not favor piecemeal appeals." *Jackson v. City of Cleveland*, 219 F. Supp. 3d 639, 645 (N.D. Ohio 2016). Here, "as a matter of judicial efficiency and convenience it would be more practical if all claims arising out of this case were resolved here and then considered only once in the appellate court." *QSI-Fostoria DC, LLC*

8

*v. Gen. Elec. Capital Bus. Asset Funding Corp.,* 3:02CV7466, 2008 WL 163605, at *7 (N.D. Ohio Jan. 16, 2008).

All of these factors taken together counsel against a Rule 54(b) certification for appeal. Accordingly, the Court denies Plaintiff's motion for certification (ECF No. 212).

## IV. CONCLUSION

For the reasons stated above, Plaintiff Lionel Harris's Unopposed Motion to Add Rule 54 Certification to Dismissed Claims and to Stay Remaining Claims Pending Appeal (ECF No. 212) and Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 213) are **DENIED**.

Accordingly, the parties' Joint Motion to Stay Trial (ECF No. 211) is **DENIED** as moot.

**IT IS SO ORDERED.**

/s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: June 13, 2022